294 N.J. Super. 502 (1996)
683 A.2d 854
FRANK T. ITALIANO, JR., PLAINTIFF/RESPONDENT,
v.
JOANNE M. RUDKIN (ITALIANO), DEFENDANT/APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 30, 1996.
Decided October 31, 1996.
*503 Before Judges WALLACE and KIMMELMAN.
Michael E. Spinato argued the cause for appellant (Sabbath, Struble, Ragno, Petrie, Oroho & Spinato, attorneys; Mr. Spinato and Jennifer Barbaris, on the brief).
Robert J. Tafuri argued the cause for respondent (Sunshine, Atkins, Minassian & Tafuri, attorneys; Lisa D. Swill and Jay R. Atkns, on the brief).
The opinion of the court was delivered by WALLACE, J.A.D.
Defendant appeals from a post-divorce judgment order of the Family Part denying her motion for an increase in child support and for attorney's fees. Defendant urges that the trial judge erred by: (1) failing to find a change of circumstances; (2) failing to apply the Child Support Guidelines; and (3) refusing to award counsel fees and costs. We vacate the trial judge's order and remand for reconsideration of all issues.
The parties were divorced in 1983. A property settlement agreement dated July 30, 1981 was incorporated into the Judgment of Divorce. The agreement provided that defendant would have custody of their two children and required plaintiff to pay child support of $25 per week for each of the children. In addition, plaintiff agreed to endeavor to pay the children's college tuition if his finances allowed it. At the time the agreement was *504 entered into in 1981, plaintiff's annual income as a police officer was approximately $17,500.
In 1990, defendant, who had remarried and moved to Florida, decided to move to Chicago. Nicole, the older child, did not want to move to Chicago and returned to New Jersey to live with plaintiff. Plaintiff ceased paying child support for Nicole while continuing to pay support of $25 per week for their son Frank.
In 1992, defendant moved back to New Jersey, and in November 1994, Nicole resumed living with defendant. Plaintiff continued to pay Nicole's tuition at Queen of Peace High School where Nicole was a senior and resumed paying Nicole's portion of child support to defendant.
Defendant sought to negotiate an increase in child support with plaintiff. She was unsuccessful, and thereafter she filed a motion in May 1995 requesting that the court: (1) increase child support; (2) require plaintiff to be responsible for parochial school expenses; (3) require plaintiff to turn over bonds and a bank account in Nicole's name; (4) require plaintiff to be responsible for the children's college expenses; and (5) award counsel fees. In her supporting certification, defendant asserted that "[the children] are teenagers now and since we were divorced twelve years ago, their needs have increased dramatically." She also asserted that plaintiff earns in excess of $80,000 per year and that she earns $26,000 per year. She further asserted that Nicole intended to attend college and that plaintiff had indicated to her that he would not be responsible for the college expenses of either child. Because of plaintiff's alleged lack of cooperation, defendant also requested counsel fees.
Plaintiff filed an answering certification. He noted that while he had income of $82,000 for 1994, including $10,000 for overtime, his current income, as a result of promotion, would stay at $76,000 a year plus a projected $4,000 a year in overtime. Plaintiff recounted that he had remarried and had a six-year old son with severe medical problems. Further, he claimed that his expenses exceeded his income. Plaintiff certified that he would pay for *505 "Nicole's college, provided it is Kean College, in lieu of any increase in child support," and pay $25 per week, the amount for the support of Frank set forth in the property settlement agreement. Plaintiff denied having refused to negotiate and claimed that defendant asked for $1,000 per month, which he thought was unreasonable.
On July 31, 1995, the Family Part judge decided the motion on the papers. By this time, Nicole had graduated from high school, and because plaintiff had paid the tuition, the high school tuition issue was moot. Without any statement of reasons, other than the notation "not sufficient Lepis standard and also in light of father's commitment to college expenses," the judge denied defendant's request for an increase in child support and counsel fees. The order further required plaintiff to turn over to defendant Nicole's bank account and the children's bonds, to reimburse Nicole for any amounts withdrawn, and to pay for the children's college education expenses. This appeal followed.[1]
Unfortunately, the judge made no findings of fact or legal conclusions as required by R. 1:6-2(f). An articulation of reasons is essential to the fair resolution of a case. A trial judge has a duty to make findings of fact and conclusions of law "on every motion decided by written orders that are appealable as of right." R. 1:7-4. Failure to perform this duty "`constitutes a disservice to the litigants, the attorneys and the appellate court.'" Curtis v. Finneran, 83 N.J. 563, 569-70, 417 A.2d 15 (1980) (quoting Kenwood Assocs. v. Board of Adjustment of Englewood, 141 N.J. Super. 1, 4, 357 A.2d 55 (App.Div. 1976)); see id. at 570, 417 A.2d 15 ("Naked conclusions do not satisfy the purpose of R. 1:7-4.").
*506 The judge did not explain why he denied defendant's request to grant an increase in child support. His cryptic statement that defendant failed to establish sufficient Lepis standards while recognizing plaintiff's agreement to pay college expenses was clearly inadequate.
Changed circumstances may include: (1) an increase in the cost of living; (2) a change in the contributing spouse's income; (3) subsequent illness or disability; (4) the non-contributing spouse's loss of a house or apartment; (5) the non-contributing spouse's cohabitation with another; (6) subsequent employment of the non-contributing spouse; (7) changes in federal income tax law; and (8) the maturation of the children. Lepis v. Lepis, 83 N.J. 139, 151-52, 416 A.2d 45 (1980). Further, orders for support "may be revised and altered by the court from time to time as circumstances may require." N.J.S.A. 2A:34-23. We have previously noted that "[c]hildren are entitled to have their `needs' accord with the current standard of living of both parents, which may reflect an increase in parental good fortune." Zazzo v. Zazzo, 245 N.J. Super. 124, 130, 584 A.2d 281 (App.Div. 1990), certif. denied, 126 N.J. 321, 598 A.2d 881 (1991).
The evidence that plaintiff's income had increased from $17,500 in 1981 to approximately $80,000 in 1994, that the children had matured, and that the cost of living had increased constituted change of circumstances. See Walton v. Visgil, 248 N.J. Super. 642, 647, 591 A.2d 1018 (App.Div. 1991) (recognizing changed circumstances where contributing spouse's income increased substantially and children matured).
Further, the Child Support Guidelines set forth in Appendix IX of the New Jersey Court Rules "shall be applied when an application to establish or modify child support is considered by the court." R. 5:6A (emphasis added); see Zazzo, supra, 245 N.J. Super. at 129, 584 A.2d 281; Chobot v. Chobot, 224 N.J. Super. 648, 654, 541 A.2d 251 (App.Div. 1988). Consequently, the judge should consider the guidelines when modifying child support.
*507 Defendant also challenges the failure to award her counsel fees. When deciding whether to award counsel fees, the trial judge must consider the requesting party's need, the requested party's financial ability to pay, and the requesting party's good faith in instituting or defending the action. Williams v. Williams, 59 N.J. 229, 233, 281 A.2d 273 (1971). Here, the judge made no findings with respect to these factors. On remand, the trial judge must reconsider whether to award counsel fees and make findings of fact and conclusions of law.
Accordingly, the order of the Family Part is reversed, and the matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] On March 6, 1996 plaintiff moved to dismiss the appeal in part because Nicole now resides with him. On April 18, 1996, we denied plaintiff's motion. In deciding this appeal, we do not address the subsequent change of residence by Nicole and its impact, if any, on support.