712 A.2d 1266

LORNA CONNELL (BAGDASARIAN), PLAINTIFF–RESPONDENT, v. DAVID DAY CONNELL, JR., DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 3, 1998—Decided July 1, 1998.

Before Judges KING, CUFF and FALL.

*Maria P. Imbalzano*, argued the cause for appellant (*Stark & Stark*, attorneys; *Ms. Imbalzano*, of counsel and on the brief).

*Lorna Dru Bagdasarian*, respondent, argued the cause pro se.

The opinion of the court was delivered by

FALL, J.S.C. (temporarily assigned).

This appeal raises a previously unaddressed issue whether an inheritance received by a parent should be considered in calculating child support. We affirm the motion judge's conclusion an inheritance is a proper consideration in computing child support but remand because of irregularities in the calculation which require recalculation of the child support obligation.

This is a post-judgment application for modification of child support. The parties were married in 1978. The three children of their marriage are unemancipated. The judgment of divorce

was entered in May 1993 incorporating their property settlement agreement. It provided for a joint custodial relationship with primary physical custody of the children with the mother. The father was required to pay child support at the rate of $306 each week. He was to provide the mother his W–2 income forms each year for the purpose of possible child support adjustments. As a result of a post-judgment application, the child support obligation was increased to $374 each week by order of July 14, 1995. During that application the mother raised the issue of father's inheritance from his father's estate. The father contended he received no distributions, as the estate had not yet been settled. Paragraph seven of the July, 1995 order provides:

(7) That plaintiff's request to require defendant to supply information regarding his receipt of inheritance from his father's estate is moot. When the executor does the final accounting as to defendant's share, that information shall be provided to pl[aintiff] prior to distribution.

The father's 1996 application for reduction of child support based on allegations of reduced income was denied by order of December 6, 1996 which order provided, in part:

5. Defendant is hereby ordered to make full disclosure of all distributions received by defendant from the Estate of David D. Connell, or

related to the dea[th] of David D. Connell, and in the future, within 10 days;

In April 1997 the mother filed a motion seeking various relief, including an increase in child support and establishment of a college trust fund for the children. She stated the father had received $496,934.40 in distributions from his father's estate between August 1995 and March 1996, alleging her first notification of this was a December 16, 1996 letter received pursuant to the December 6, 1996 order. The father filed a cross-motion seeking various relief, including reduction of child support based upon loss of employment. He contended the amount of inheritance, after payment of estate taxes, was significantly less than alleged. The father further asserted he used the inheritance to purchase a vacation home in Maine on about August 31, 1995 for $235,282.20; he also purchased a used boat for $7,500 and a new Suburban motor vehicle for $36,006. These motions were heard on May 16, 1997. By then the father had obtained employment at a lesser

salary. The motion judge denied the application to modify child support, continuing it at the $374 per week rate.

In reaching that conclusion the judge recognized the reduction of the father's income but reasoned unemancipated children have the right to have inherited funds considered when child support is calculated, even if invested in a non-income producing asset. We agree, but disagree with the method of calculation.

The judge decided to impute interest income to the entire net inheritance at an annual rate of 8%. The earned and unearned income of the parents exceeded the $52,000 net income limitation of the Child Support Guidelines in effect at the time of these motions. Utilizing solely the guidelines, the motion judge derived the weekly child support figure of $374. On appeal, the father contends it was improper to consider the inheritance in the child support analysis because it was invested in a non-income producing asset. He also takes issue with applicability of the guidelines and the interest rate selected.

Children of divorce have the right to support from their parents at least at a level of the standard of living to which they have grown accustomed prior to separation. *Lepis v. Lepis,* 83 *N.J.* 139, 150, 416 *A.*2d 45 (1980). Both parents share the obligation to support their children, determined mainly by the quality of economic life during the marriage, and not mere survival. *Pascale v. Pascale,* 140 *N.J.* 583, 592, 660 *A.*2d 485 (1995). Children are also entitled to share in the good fortune of their parents to meet their needs in accordance with the lifestyle of their parents. *Italiano v. Rudkin (Italiano),* 294 *N.J.Super.* 502, 506, 683 *A.*2d 854 (App.Div.1996); *Walton v. Visgil,* 248 *N.J.Super.* 642, 649–650, 591 *A.*2d 1018 (App.Div.1991); *Zazzo v. Zazzo,* 245 *N.J.Super.* 124, 130, 584 *A.*2d 281 (App.Div.1990), *certif. denied,* 126 *N.J.* 321, 598 *A.*2d 881 (1991).

The Child Support Guidelines in *R.* 5:6A were adopted to guide courts in determining the appropriate child support obligation of

the non-custodial parent. Appendix IX–A to the version of the guidelines in effect at the time these motions were heard provides:

> Considerations which may make these child support guidelines inapplicable or cause the child support amount to be adjusted are:
>
> **(1) Application of the Child Support Guidelines.**
>
> . . . .
>
> **(b) Income Above $52,000.** These guidelines are intended to apply to all actions to establish a child support award. If the combined net family income exceeds $52,000, the court shall apply the guidelines up to that amount and supplement the guidelines award with an additional amount based on the remaining family income and the factors enumerated in N.J.S.A. 2A:34–23.
>
> . . . .
>
> The above enumerated considerations should not limit the Court from taking into account other significant factors which may cause these child support guidelines to be inapplicable or cause the child support amount to be adjusted.
>
> [Pressler, *Current N.J. Court Rules,* Appendix IX–A, "Considerations in the Use of Child Support Guidelines" (1997).]

Child support is calculated through use of the guidelines up to $52,000 of combined net income. The amount derived is then supplemented by an additional award determined through application of the factors contained in *N.J.S.A.* 2A:34–23a, *Pascale,* 140 *N.J.* at 595, 660 *A.*2d 485. The motion judge improperly extrapolated the guideline figures above the $52,000 threshold using their respective percentages of total combined net income. Extrapolation is not permitted because it undermines the statistical basis of the guidelines. *Pascale v. Pascale,* 140 *N.J.* at 593, 660 *A.*2d 485; *Walton v. Visgil,* 248 *N.J.Super.* at 649, 591 *A.*2d 1018. *See also* Pressler, *Current N.J. Court Rules,* Appendix IX–A(20)(b), "Considerations in the Use of Child Support Guidelines" (1998). The appropriate approach is to apply the guidelines up to $1,000 of combined net weekly income and then consider the factors set forth in *N.J.S.A.* 2A:34–23a in determining a supplemental award. The $1,243 combined net earned income of the parties was in excess of the threshold even without imputing income to the inheritance. The judge should have determined the child support obligation using $1,000 of combined net income and then determined the supplemental award through application of the statutory factors. Among the facts considered would be the

additional $243 in combined net income and the assets of both parties, including those purchased by the father with the inherited funds. *See N.J.S.A.* 2A:34–23a3.

As of September 1, 1997, the guidelines were significantly amended. The guidelines increased the upper limit of Appendix IX–F to include combined net income up to $2,900 per week. Applying the facts of this case to the current guidelines still leaves the issue of how the inheritance should be considered.

■ The thrust of the father's argument is his inheritance is invested in residential real estate, an asset that does not produce income, and should not be considered when determining child support. That contention incorrectly limits the child support inquiry to the issue of earned or unearned income and a consequent determination of whether, and how, to impute income based on an inherited sum. It has long been the law of this State that courts have the authority to consider the assets and other financial circumstances of the parties in addition to their income when determining child support. The Legislature has specifically expressed its intent in that regard through adoption of *N.J.S.A.* 2A:34–23a. In *Cleveland v. Cleveland,* 249 *N.J.Super.* 96, 101–102, 592 *A.*2d 20 (App.Div.1991), we made it clear child support was based upon total family resources and all parents' resources should be considered available for support of the children. This includes inherited funds. The voluntary choice of the father placing his inheritance in a non-income producing asset should not result in exclusion of that asset from consideration in the child support equation. *Weitzman v. Weitzman,* 228 *N.J.Super.* 346, 358, 549 *A.*2d 888 (App.Div.1988), *certif. denied,* 114 *N.J.* 505, 555 *A.*2d 623 (1989). This would be particularly true in this case where the judge expressed her intent in two prior orders that the mother be informed of the inheritance sums. The father was on notice, from the mother's prior applications, the court would be asked to impute income to his inheritance and to set aside sums for the college education of the children. It can be inferred from

his conduct upon receipt of the inheritance, that he intended to insulate it from consideration for support of his children.

We have held that interest income generated by an inheritance can be considered when modifying an earlier alimony award. *Aronson v. Aronson*, 245 *N.J.Super.* 354, 363, 585 *A.2d* 956 (App.Div.1991). The issue in another alimony case, *Stiffler v. Stiffler*, 304 *N.J.Super.* 96, 698 *A.2d* 549 (Ch.Div.1997), was whether the court should impute income to the obligor for interest that could have been earned on his inheritance had it been invested in other ways. The inheritance funds were used to buy a new home. Judge Fisher ruled a litigant cannot insulate an inheritance from the alimony calculus by transforming it into a non-income producing asset and, under appropriate circumstances, interest could be imputed to the inheritance. *Id.* at 102–103, 698 *A.2d* 549. He stated:

> In the same way an inheritance, which generates no income solely because its owner has altered its capacity to earn interest, should not be automatically exempt from the alimony calculus. It is its potential to generate income which is germane.
>
> If plaintiff had invested the inheritance so as to generate interest, that additional income would be considered in the computation of alimony. The quantum of alimony should not be diminished because his investment generates no interest. The alimony statute does not prohibit a spouse from doing what he will with his inheritance. Indeed, the spouse can go and lose it all at the racetrack. But it seems beyond question, in light of *Aronson*, that a matrimonial court may look to an inheritance, and its potential to earn income, in its calculation of an award of alimony. If this were not so, future litigants would have a perfect blueprint for evading *Aronson*.
>
> [*Id.* at 102, 698 *A.2d* 549.]

The reasoning in *Aronson* and *Stiffler* is equally applicable here. In child support cases where a parent has received an inheritance and invested all or a portion of it in a non-income producing asset, or even dissipated it, the inheritance and its capacity to produce income may be considered when computing child support.

Assuming the guidelines are otherwise applicable, child support should be first calculated utilizing the gross income of the parties as there defined. *See* Pressler, *Current N.J. Court Rules*, Appendix IX–B "Use of Child Support Guidelines" (1998). The court

should then undertake an analysis of the factors contained in *N.J.S.A.* 2A:34–23a, considering the inheritance, to determine an amount to supplement the guidelines award. This approach permits the court to reasonably consider the existence of the inheritance, its current form, as well as all the circumstances bearing on the best interests of the children.

In a particular case, it might be reasonable to impute income to all or a portion of the inheritance. However, we caution that when that approach is utilized there must be some foundation or basis to do so. The peculiar facts of each case must be carefully weighed to achieve fairness and balance in considering a parent's inheritance. The use of an inheritance to pay legitimate debts or to acquire an asset, for example, might be deemed reasonable, or even a necessity, under certain circumstances. Moreover, selecting an interest figure thought reasonable without some relationship to an established investment alternative is incorrect. Here, the record supplied provided an insufficient basis for use of an 8% interest rate.

█ If the judge determines the guidelines are not applicable based on the considerations in Appendix IX–A the reasons for that determination must be stated in the court order. *See* Pressler, *Current N.J. Court Rules,* Appendix IX–A,3, "Considerations in the Use of Child Support Guidelines"(1998). In either event, the manner in which the inheritance should be considered in setting child support must be analyzed with reference to the factors listed in *N.J.S.A.* 2A:34–23a.

The decision of the trial judge to consider the inheritance of husband in calculating child support is affirmed. That portion of the May 16, 1997 order setting the child support is remanded to the trial court for a child support calculation consistent with this opinion.

Affirmed in part, reversed in part and remanded for further proceedings. We do not retain jurisdiction.