**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3218-17T2

ANITA WALSH,

    Plaintiff-Respondent,

v.

PROSPECT EOGH, INC., d/b/a
EAST ORANGE GENERAL
HOSPITAL, and PROSPECT
MEDICAL HOLDINGS, INC.,

    Defendant-Appellants.

_____

Argued on October 31, 2018 – Decided November 21, 2018

Before Judges Koblitz, Currier and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7912-17.

Ivan R. Novich argued the cause for appellant (Littler Mendelson, PC, attorneys; Ivan R. Novich, of counsel and on the brief; Lauren J. Marcus, on the briefs).

Arthur L. Raynes argued the cause for respondent (Wiley Malehorn Sirota & Raynes, attorneys; Arthur L.

Raynes, of counsel and on the brief; Courtney A. Reed Keren, on the brief).

PER CURIAM

Plaintiff Anita Walsh sued her former employer, Prospect EOGH, Inc. d/b/a East Orange General Hospital and Prospect Medical Holdings, Inc. (defendants) claiming she was wrongfully discharged under the New Jersey Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -14.

Defendants filed a motion to compel arbitration pursuant to an arbitration agreement (Agreement) that plaintiff admits signing. Plaintiff claims that the Agreement was not explained to her, she does not recall signing it, and argues for the first time on appeal that it is not enforceable because defendants did not sign the document. Without allowing the requested oral argument, the motion court issued an order denying defendants' motion, writing on it only: "Plaintiff did not agree to give up right jury [sic] trial." We reverse and remand for reconsideration, with oral argument.

Plaintiff signed the Agreement on September 8, 2016, three days before she began work, in connection with her employment as Vice President of Operations. The Agreement is labeled "East Orange General Hospital Mutual Agreement to Arbitrate." Although there was a signature line for defendants, they did not sign the Agreement. The Agreement states:

To the fullest extent allowed by law, any controversy, claim or dispute between you and Prospect EOGH, Inc. dba East Orange General Hospital and/or any of its related entities, holding companies, parents, subsidiaries, divisions, officers, shareholders, directors, employees, agents, vendors, contractors, doctors, patients, insurers, predecessors, successors, and assigns (collectively, "the Company") relating to or arising out of your employment or the cessation of that employment will be submitted to final and binding arbitration.

The Agreement covers "all employment related claims including, but not limited to . . . violation of public policy, discrimination . . . or any other employment-related claim under any state or federal statutes or laws relating to an employee's relationship with his/her employer . . . ." The Agreement also states, directly above the signature lines, in capital letters: "BY AGREEING TO THIS BINDING MUTUAL ARBITRATION PROVISION, BOTH YOU AND THE COMPANY GIVE UP ALL RIGHTS TO A TRIAL BY JURY. BY SIGNING BELOW, I CONFIRM THAT I HAVE READ, UNDERSTAND, AND AGREE TO THIS ARBITRATION AGREEMENT."

Defendants terminated plaintiff's employment on March 15, 2017, for reasons that she asserts in her November 2017 complaint were pretextual in nature. Plaintiff alleges that she was terminated, contrary to CEPA, because she voiced her objections to the hospital's practices.

3

Defendants argue on appeal that their request for oral argument was denied improperly. They rely on <u>Raspantini v. Arocho</u>, 364 N.J. Super. 528, 531 (App. Div. 2003) (stating that "because defendants' initial motion sought dispositive relief, plaintiffs' request for oral argument should have been granted as of right"). Defendants argue that although a trial court may deny a request for oral argument on a substantive motion, "the reason for the denial of the request, in that circumstance, should itself be set forth on the record," which the trial court did not do here. <u>Id.</u> at 531-32. We agree with defendants that oral argument, or the reason for not affording oral argument, must be provided by the court.

Defendants urge us not to remand the matter to the motion court because of the lack of oral argument, but rather to review the motion de novo. The reasons for the court's decision, however, are also lacking. The trial court must provide reasons with its decisions, either on the record or in writing. As we said more than twenty years ago,

> Unfortunately, the judge made no findings of fact or legal conclusions as required by <u>Rule</u> 1:6-2(f). An articulation of reasons is essential to the fair resolution of a case. A trial judge has a duty to make findings of fact and conclusions of law "on every motion decided by written orders that are appealable as of right." <u>R.</u> 1:7-4. Failure to perform this duty "'constitutes a disservice to the litigants, the attorneys and the

> appellate court.'"  Curtis v. Finneran, 83 N.J. 563, 569-70 (1980) (quoting Kenwood Assocs. v. Bd. of Adjustment of Englewood, 141 N.J. Super. 1, 4 (App. Div. 1976)); see id. at 570 ("Naked conclusions do not satisfy the purpose of Rule 1:7-4.").
>
> [Italiano v. Rudkin (Italiano), 294 N.J. Super. 502, 505 (App. Div. 1996).]

"Moreover, the appellate court ordinarily cannot perform its review function in the absence of findings." Filippone v. Lee, 304 N.J. Super. 301, 306 (App. Div. 1997).  Although we review the grant of a motion for summary judgment de novo, we cannot review the decision of the trial court on a blank slate.  Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 301-02 (App. Div. 2018).  The court wrote one sentence on the order, finding no evidence of a waiver of a jury trial, although such a waiver is set forth clearly in the Agreement.  We are thus unclear as to whether the motion court reviewed the proper material.  Additionally, the court gave no reason for not allowing oral argument.

We reverse and remand to the court for oral argument and a reasoned decision.  In the interest of completeness, the parties should be allowed to supplement their motion papers.

Reversed and remanded. We do not retain jurisdiction.

5

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION