**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0047-19T3

MARIA CIRANNI IONFRIDA,

    Plaintiff-Respondent,

v.

GIUSEPPE IONFRIDA,

    Defendant-Appellant.

_____

        Submitted November 17, 2020 – Decided  December 3, 2020

        Before Judges Haas and Mawla.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-1399-09.

        Giuseppe Ionfrida, appellant pro se.

        Maria Ciranni Ionfrida, respondent pro se.

PER CURIAM

    In this post-judgment matrimonial matter, defendant appeals from the Family Part's July 26, 2019 order, which denied his motion to enforce a

November 29, 2017 order concerning child support and his motion for reconsideration of a May 3, 2019 order. We affirm.

The parties were married in May 2000, and they divorced in September 2010. They have three children. In the parties' property settlement agreement, defendant agreed to pay plaintiff $3500 per month in child support.

Between May 2014 and July 2017, defendant filed several motions attempting to reduce his child support obligation. These motions were all unsuccessful.

In response to yet another motion filed in late 2017, however, the trial court determined that defendant had established a change of circumstances warranting a re-examination of his child support obligation due to an alleged decrease in income. Because neither party had submitted a Case Information Statement (CIS or Statement) setting forth their financial information, the court's November 29, 2017 order directed them to do so, together with their last three pay stubs and their tax returns for the past three years.

Thereafter, defendant consistently failed to comply with this directive. Instead, he submitted outdated Statements without any of the required supporting financial documentation. In an attempt to resolve the matter, the court ordered the parties to participate in mediation, but defendant refused to

A-0047-19T3

cooperate until July 2018.  When it was finally held, the mediation failed to settle the parties' dispute.[1]

Over six months later, defendant filed a motion to enforce the November 29, 2017 order.  Defendant did not submit a new CIS with his application.  Instead, he merely wrote a new date, "March 11, 2019," on a CIS he had originally prepared on May 4, 2017.  Defendant also did not provide any of his tax returns, W-2 statements, or paystubs.  In addition, defendant failed to apprise the court that mediation had been completed.  Accordingly, the court denied defendant's motion on May 3, 2019.

On July 17, 2019, defendant filed another motion to enforce the November 29, 2017 order and a motion for reconsideration of the court's May 3, 2019 order.  Because a motion for reconsideration must be filed within twenty days after service of the order for which reconsideration is sought, defendant's motion for reconsideration was untimely under Rule 4:49-2.[2]  The court found that defendant's motion was also deficient because it did not include the Notice to

---

[1] Although defendant was obviously aware of the mediation, he did not provide the court with any information concerning the outcome until his July 17, 2019 motion, which we discuss below.

[2] Pursuant to Rule 1:3-4(c), this twenty-day time period may not be enlarged.

A-0047-19T3

Litigants required by Rule 5:5-4(d), copies of the court's prior orders as required by Rule 5:5-4(a)(3), or exhibit tabs as required by Rule 5:5-4(g).

Despite these serious deficiencies, the court considered the substance of defendant's arguments and found they lacked merit. Because defendant had once again failed to provide a new CIS with complete financial information, the court had no basis to address defendant's child support obligation. As the court explained in its written statement of reasons:

> The CIS is important because it provides the [c]ourt with a glimpse into the party's finances. For example, when [d]efendant files a motion to modify his child support obligation because his financial circumstances have worsened, the [c]ourt needs proof that his financial circumstances have worsened. When [d]efendant simply provides the same CIS time and time again with new dates, there is no proof before the [c]ourt that his financial circumstances have worsened.

Therefore, the court denied defendant's motion to enforce the November 29, 2017 judgment. Because defendant had merely reiterated the same arguments he had unsuccessfully presented in connection with his prior motions, the court also denied defendant's motion for reconsideration of the May 3, 2019 order. This appeal followed.

On appeal, defendant asserts that the Family Part erred when it denied his motion to enforce the November 29, 2017 order by modifying his child support

4

obligation. Defendant also alleges that the court mistakenly denied his motion for reconsideration of the May 3, 2019 order. We disagree.

Established precedents guide our task on appeal. We owe substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). Thus, "[a] reviewing court should uphold the factual findings undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record." MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007) (alteration in original) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)). We will only reverse the judge's decision when it is necessary to "ensure that there is not a denial of justice because the family court's conclusions are [] clearly mistaken or wide of the mark." Parish v. Parish, 412 N.J. Super. 39, 48 (App. Div. 2010) (alteration in original) (internal quotations omitted) (quoting N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008)).

Further, we review the denial of a motion for reconsideration to determine whether the trial court abused its discretion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). "Reconsideration cannot be used to expand the record and reargue a motion." Capital Fin. Co. of Delaware Valley, Inc. v.

Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008). A motion for reconsideration is meant to "seek review of an order based on the evidence before the court on the initial motion . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Ibid.

For these reasons, reconsideration should only be granted in "those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence. . . ." Cummings, 295 N.J. Super. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). Therefore, we have held that "the magnitude of the error cited must be a game-changer for reconsideration to be appropriate." Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010).

After applying these principles, we discern no basis for disturbing the trial court's reasoned determinations. The "complete financial information of both parents [is] necessary for any order of child support." Zazzo v. Zazzo, 245 N.J. Super. 124, 129 (App. Div. 1990). The financial information submitted to the court must be current and updated prior to any modification order. Gulya v. Gulya, 251 N.J. Super. 250, 253-54 (App. Div. 1991).

The requirement that parties file current financial disclosure statements is "not just window dressing. It is, on the contrary, a way for the trial judge to get a complete picture of the finances of the movants in a modification case." Id. at 253. Thus, the trial court here acted well within its discretion when it ordered defendant to submit an updated, accurate, and complete CIS.

When defendant disregarded the November 29, 2017 order, and the orders that followed it, which all required him to provide a current CIS, he in turn provided the court with "an [in]adequate factual basis for the court to assess essential facts necessary to a determination of the issues presented" by his repeated motions. Palombi, 414 N.J. Super. at 288. For that reason, the court properly exercised its discretion in denying defendant's motion to enforce the November 29, 2017 order by modifying his child support obligation. A litigant who files a motion and asks the Family Part for a downward adjustment in a child support obligation, and then disregards the court's order requiring the information necessary to decide the motion, should expect to have the motion denied.

Finally, the court did not abuse its discretion by denying defendant's untimely motion for reconsideration of the May 3, 2019 order. Defendant raised the same contentions that were previously unsuccessful and the court's well-

A-0047-19T3

grounded decision was certainly not based "upon a palpably incorrect or irrational basis." Cummings, 295 N.J. Super. at 384.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION