**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5135-17T2
A-1048-19T1

PAUL STEWART,

     Plaintiff-Respondent,

v.

BEVERLY ALICEA (f/k/a
STEWART),

     Defendant-Appellant.

_____

Submitted October 5, 2020 – Decided December 7, 2020

Before Judges Currier and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-0785-08.

Charles C. Berkeley, attorney for appellant.

Keith, Winters, Wenning & Harris, LLC, attorneys for respondent (Brian D. Winters, on the briefs).

PER CURIAM

Defendant Beverly Alicea appeals from various provisions of three orders of the Family Part in these post-judgment matrimonial appeals, which were calendared back-to-back. The provisions under appeal: (1) reduced plaintiff Paul Stewart's child support and alimony obligations based on a change of circumstances; (2) awarded plaintiff a $35,525.50 credit to his child support and alimony arrears to account for six years of child support payments for a child who had been emancipated without his knowledge; (3) ordered the parties to sell the marital home and an investment property and equally distribute the net proceeds of the sales; (4) denied in part, and granted in part, the parties' motions for reconsideration; (5) granted plaintiff's motion to enforce litigant's rights with respect to the sale of the properties; and (6) denied defendant's motion for a stay of the sale of the marital home.

We affirm the provisions of the orders concerning the award of the $35,525.50 credit, the sale of the parties' real property, and the denial of a stay. We vacate the provisions of the orders modifying plaintiff's child support and alimony obligations and remand for a new determination of plaintiff's child support and alimony obligations after consideration of the parties' current case information statements (CIS).

A-5135-17T2

I.

The following facts are derived from the record.  The parties were married in 1985.  They had two children.  In 2008, the parties were divorced through entry of a dual judgment of divorce incorporating the terms of their property settlement agreement (PSA).  Pursuant to the PSA, plaintiff was obligated to pay alimony of $435 per week and child support of $207 per week for the two children based on plaintiff's income of $96,000 per year and defendant's imputed income of $30,000 per year.  Plaintiff's child support obligation continued until the children turned eighteen or completed four continuous years of full-time college education, whichever came later.

In addition, the PSA provides that defendant had the option to purchase plaintiff's interest in the marital home no later than July 1, 2010.  In the event that she did not exercise that option, the marital home was to be sold immediately, with the net proceeds from the sale to be divided equally between the parties.  The PSA also provides that the parties shall immediately list for sale a parcel of vacant land they purchased as an investment, with the net proceeds of the sale to be equally divided between the parties.

In 2017, plaintiff moved for a reduction in his child support and alimony obligations, alleging a change in circumstances based on a 2015 decision by the

Social Security Administration declaring him permanently disabled following an injury at work. He alleged an inability to work and that his sole income was from disability benefits of about $30,000 per year and workers' compensation benefits of $38,820 per year. In support of his motion, plaintiff submitted his CIS from around the time of the divorce and a current CIS.

Plaintiff also requested a credit for his overpayment of child support because his older child, without his knowledge, was emancipated by virtue of her withdrawal from full-time college six years earlier. In addition, plaintiff sought an order requiring the immediate listing for sale of both the marital home and the vacant parcel. He alleged that the marital home was never listed for sale and that defendant interfered with his attempts to sell the vacant parcel.

Defendant opposed a reduction in child support and alimony, arguing that plaintiff's income from social security benefits, workers' compensation benefits, and imputed additional income exceeded her income. Although defendant did not submit a CIS, she certified her income to be $23,608 per year.

While defendant admitted that the older child had been emancipated approximately six years prior to plaintiff's motion, she opposed his request for a credit because of his delay in seeking relief and because the child support obligation established in the PSA was not allocated between the children.

Defendant agreed to the immediate sale of the vacant parcel and opposed the immediate sale of the marital home, arguing plaintiff had agreed to delay the sale until the younger child graduated from college. She asked the court to delay sale of the marital home until that time or until the vacant parcel was sold, which would give her the funds to purchase plaintiff's interest in the marital home.

On February 13, 2018, the trial court issued an order and statement of reasons granting in part, and denying in part plaintiff's motion. Finding plaintiff had established a change in circumstances warranting relief, and after considering the facts set forth in N.J.S.A. 2A:34-23, the court reduced his child support obligation to $147 per week for the younger child and his alimony obligation to $290 per week. The court did not order defendant to file a current CIS, see Rule 5:5-4(a)(5), and decided the motion based on defendant's certification, estimating her income to be approximately $24,000 per year.

The court found defendant's collection of child support for six years without notifying plaintiff of the older child's emancipation to be "outrageous" and a violation of her "affirmative duty" to plaintiff. The court granted plaintiff a credit of $35,525.50 ($113.50 per week x 313 weeks)[1] for overpayment of

---

[1] At the time that the trial court decided plaintiff's motion, his child support obligation had risen to $227 per week through cost of living adjustments. The court allocated fifty percent of plaintiff's weekly obligation to the older child.

A-5135-17T2

child support. The credit eliminated plaintiff's child support arrears and reduced his alimony arrears to $261.67. Finally, the court ordered the parties to list the vacant property for sale within twenty-one days and ordered defendant, within ninety days of the sale of the vacant property, to either buy out plaintiff's interest in the marital home or list the marital home for sale.

Defendant thereafter moved for reconsideration of the child support and alimony provisions of the February 13, 2018 order. She argued that the court miscalculated plaintiff's credit for overpayment of child support because a fifty percent allocation of his support obligation between the two children was not equitable or supported by law. She argued that at the time of the divorce, child support guidelines would have set plaintiff's child support obligation for one child at $207 a week and at $224 a week for two children. In addition, defendant argued the court erred by reducing plaintiff's alimony obligation without first ordering her to file a CIS pursuant to Rule 5:5-4(a)(5). Defendant included a current CIS with her reply brief in support of the motion for reconsideration.

Plaintiff cross-moved for reconsideration of the February 13, 2018 order. Arguing that he had been denied his equity in the marital home for over ten years, he requested that the court order the immediate sale of that property. In addition, plaintiff requested a further reduction in both his child support and

alimony obligations because the court failed to impute additional income to defendant, who he claimed was underemployed. Plaintiff also argued that defendant's representation regarding the amount of child support he would have been ordered to pay at the time of the divorce was erroneous because it was based on current child support guidelines.

On June 21, 2018, the trial court issued an order and statement of reasons denying in part, and granting in part the parties' motions for reconsideration. The court granted defendant's motion to reconsider the reduction of plaintiff's child support obligation. The court ordered plaintiff to pay child support of $157 a week based on the reduction in his alimony obligation, which the court overlooked in its initial decision, and defendant's income as stated in her current CIS. The court denied the remainder of defendant's motion for reconsideration.

In addressing defendant's request to reconsider the reduction in plaintiff's alimony obligation, the court stated only "See attached Statement of Reasons." The statement of reasons does not mention defendant's current CIS. Instead, the court stated that reconsideration was not warranted because its February 13, 2018 decision was not based on a palpably incorrect basis and that the court did not fail to consider probative competent evidence.

A-5135-17T2

The court denied plaintiff's motion for reconsideration, with the exception of his request concerning the sale of the property. The court ordered the vacant parcel remain on the market and if not sold within one year, the marital home be listed for sale.

Defendant appealed the provisions of the February 13, 2018 order reducing plaintiff's alimony obligation and awarding him a credit for the overpayment of child support. She also appealed the provisions of the June 21, 2018 order concerning alimony, child support, and the sale of the marital home.

On September 4, 2019, while defendant's appeal was pending, plaintiff moved in the Family Part for an order in aid of litigant's rights compelling the sale of the marital home, appointing him attorney-in-fact for defendant to facilitate the sale, and holding the net proceeds of the sale in escrow until further order of the court. In support of his motion, plaintiff alleged defendant had intentionally interfered with the sale of the marital home after expiration of the one-year period specified in the June 21, 2018 order.

Defendant cross-moved for a stay of the provisions of the June 21, 2018 order compelling the sale of the marital home. She denied interfering with the sale, which did not attract a purchaser despite several reductions in the asking price. Defendant argued that a stay of the sale of the marital home until the

vacant property is sold is warranted because, if the marital home is sold first and the proceeds are held in escrow, she will be unable to purchase plaintiff's interest in the marital home and will be left homeless. She also asserted that because of credits to which she is entitled, plaintiff will receive a small part of the proceeds of the sale of the marital home, reducing harm to him if a stay is entered.

On October 18, 2019, the trial court issued an order and statement of reasons granting plaintiff's motion. The court found defendant to be in violation of the June 21, 2018 order, directed the immediate sale of the marital home, and appointed plaintiff as attorney-in-fact for defendant to facilitate the sale. In addition, the court ordered that the proceeds of the sale be held in escrow until further agreement of the parties. The court denied defendant's request for a stay.

Defendant appealed the October 18, 2019 order. In the two appeals, she raises the following arguments for our consideration.

> POINT I
>
> THE COURT IMPROPERLY REDUCED THE PLAINTIFF'S ALIMONY PAYMENTS WITHOUT ORDERING THE DEFENDANT TO FILE AN UPDATED CASE INFORMATION STATEMENT.
>
> POINT II
>
> THE COURT IMPROPERLY PROVIDED PLAINTIFF A $35,525.50 CREDIT FOR HIS

9

OVERPAYMENT OF CHILD SUPPORT PAYMENTS.

POINT III

THE COURT ABUSED ITS DISCRETION WITH REGARD TO THE TIMING OF THE SALE OF THE FORMER MARITAL HOME UNDER THE ORDER ENTERED JUNE 21, 2018.

POINT [IV]

THE COURT MISAPPLIED ITS DISCRETION WITH REGARD TO THE DENIAL OF THE DEFENDANT'S REQUEST FOR A STAY OF ENFORCEMENT.

II.

Our review of a Family Part order is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). "[W]e do not overturn those determinations unless the court abused its discretion, failed to consider controlling legal principles or made findings inconsistent with or unsupported by competent evidence." Storey v. Storey, 373 N.J. Super. 464, 479 (App. Div. 2004). We must accord substantial deference to the findings of the Family Part due to that court's "special jurisdiction and expertise in family matters . . . ." Cesare, 154 N.J. at 413.

We defer to the judge's factual determinations, so long as they are supported by substantial credible evidence in the record. Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). This court's

"[a]ppellate review does not consist of weighing evidence anew and making independent factual findings; rather, [this court's] function is to determine whether there is adequate evidence to support the judgment rendered at trial." Cannuscio v. Claridge Hotel & Casino, 319 N.J. Super. 342, 347 (App. Div. 1999) (citing State v. Johnson, 42 N.J. 146, 161 (1964)). We review de novo the court's legal conclusions. Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995).

We begin with defendant's appeal of the provisions of the trial court's orders reducing plaintiff's child support and alimony obligations. The court is "authorized to modify alimony and support orders 'as the circumstances of the parties and the nature of the case' require." Halliwell v. Halliwell, 326 N.J. Super. 442, 448 (App. Div. 1999) (quoting N.J.S.A. 2A:34-23). A party seeking a modification of his alimony and child support obligations must demonstrate changed circumstances "as would warrant relief." Lepis v. Lepis, 83 N.J. 139, 157 (1980). The obligor's ability to pay is a central consideration when determining if relief is warranted. Miller v. Miller, 160 N.J. 408, 420 (1999). We review the trial court's modification decision for an abuse of discretion. Costa v. Costa, 440 N.J. Super. 1, 4 (App. Div. 2015).

Defendant does not challenge the trial court's finding that plaintiff established a change in circumstances warranting relief. She argues, however, that the court erred when it reduced plaintiff's child support and alimony obligations without consideration of her current CIS. We agree.

According to Rule 5:5-4(a)(5),

> [w]hen a motion or cross motion is filed for modification or termination of alimony or child support . . . the movant shall append copies of the movant's current case information statement and the movant's case information statement previously executed or filed in connection with the order, judgment or agreement sought to be modified. If the court concludes that the party seeking relief has demonstrated a prima facie showing of a substantial change of circumstances or that there is other good cause, then the court shall order the opposing party to file a copy of a current case information statement.

We have long recognized that trial courts must consider the parties' current financial circumstances when determining whether to modify child support and alimony obligations. Terry v. Terry, 270 N.J. Super. 105, 121 (App. Div. 1994); Gulya v. Gulya, 251 N.J. Super. 250, 253-54 (App. Div. 1991); Zazzo v. Zazzo, 245 N.J. Super. 124, 129-30 (App. Div. 1990). The rule requiring the filing of a current CIS "is not just window dressing. It is, on the contrary, a way for the trial judge to get a complete picture of the finances of the movants in a modification case." Gulya, 245 N.J. Super. at 253.

After concluding that plaintiff made a prima facie showing of a change in circumstances, the trial court failed to order defendant to file a current CIS. Instead, in its February 13, 2018 statement of reasons the court attributed $24,000 in annual income to defendant, based on her certification estimating her annual income at $23,608. In the absence of a current CIS, the court did not consider defendant's expenses or assets or address plaintiff's argument that the court should impute additional income to defendant.

The court's error was not ameliorated by defendant's subsequent filing of a current CIS in support of her motion for reconsideration. That document reported the prior year's income as $20,255.97, an approximately fifteen percent decrease from the income the court attributed to defendant when deciding the initial motion. The current CIS also listed defendant's expenses and assets.

Rule 4:49-2 provides:

> Except as otherwise provided by R. 1:13-1 (clerical errors) a motion for rehearing or reconsideration seeking to alter or amend a judgment or order shall . . . state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or order sought to be reconsidered and a copy of the court's corresponding written opinion, if any.

13

"A motion for reconsideration . . . is a matter left to the trial court's sound discretion." Lee v. Brown, 232 N.J. 114, 126 (2018) (quoting Guido v. Duane Morris, LLP, 202 N.J. 79, 87 (2010)); see also Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). A party may move for reconsideration of a court's decision pursuant to Rule 4:49-2, on the grounds that (1) the court based its decision on "a palpably incorrect or irrational basis," (2) the court either failed to consider or "appreciate the significance of probative, competent evidence[,]" or (3) the moving party is presenting "new or additional information . . . which it could not have provided on the first application[.]" Cummings, 295 N.J. Super. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). The moving party must "initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process." D'Atria, 242 N.J. Super. at 401.

Defendant's current CIS was new, probative, competent evidence not considered by the court when it made its initial decision. Generally, a motion for reconsideration is not an opportunity to "expand the record and reargue a motion." Capital Fin. Co. of Del. Valley v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008). "[It] is designed to seek review of an order based on the evidence before the court on the initial motion, . . . not to serve as a vehicle to

introduce new evidence in order to cure an inadequacy in the motion record."
Ibid. (citation omitted).  However, where, as is the case here, the court failed to require the submission of evidence required by court rules when deciding a motion, reconsideration is an appropriate vehicle to correct that omission.

With respect to the denial of defendant's motion to reconsider the reduction in plaintiff's alimony obligation, the court's order stated only "See attached Statement of Reasons."  The court's statement of reasons, however, does not mention defendant's current CIS.  Instead, the court stated that reconsideration was not warranted because its February 13, 2018 decision was not based on a palpably incorrect basis and that the court did not fail to consider probative, competent evidence.  This conclusion is not supported by the record, given that the trial court failed to consider defendant's current CIS when it issued its initial decision reducing plaintiff's alimony obligation.  The trial court, therefore, mistakenly exercised its discretion when it denied reconsideration of the provision of the February 13, 2018 order modifying plaintiff's alimony obligation.

On reconsideration, the court modified plaintiff's child support obligation, raising it by $10 a week.  It stated that this decision was based on the reduction in plaintiff's alimony obligation and defendant's income based on her current

CIS. It appears, therefore, that the court considered defendant's current CIS when setting child support. However, the court did not mention defendant's current expenses or assets or explain how it arrived at the $157 figure. Nor did the court explain why it found the current CIS relevant for its child support decision, but did not consider it when determining alimony. The court's explanation for setting plaintiff's child support obligation is insufficient to allow for meaningful appellate review. See Rule 1:7-4(a) (a court shall "find the facts and state its conclusions of law . . . on every motion decided by a written order that is appealable as of right . . . .") and Schwarz v. Schwarz, 328 N.J. Super. 275, 282 (App. Div. 2000) ("[A]n articulation of reasons is essential to the fair resolution of a case.").

We, therefore, vacate the provisions of the February 13, 2018 and June 21, 2018 orders modifying plaintiff's alimony and child support obligations. Given the absence of a challenge to the trial court's conclusion that plaintiff established a change in circumstances warranting relief, we remand for the limited purpose of determining plaintiff's child support and alimony obligations after consideration of the parties' current CIS's before the court at the time of the cross-motions for reconsideration.

After careful consideration of the record in light of applicable legal principles, we affirm the remaining provisions of the orders under review. The trial court properly exercised its discretion when it awarded plaintiff a $35,525.50 credit for the overpayment of child support. Defendant's failure for six years to notify plaintiff, who was estranged from his children, that his older child was emancipated justified the trial court's decision that she forfeit half of the child support plaintiff accrued during that period. In addition, the parties' PSA contemplated sale of the marital home in 2010. Defendant made no convincing argument that the trial court erred with respect to its orders requiring the parties to complete the long-delayed sale of that property.

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5135-17T2