ESSEX COUNTY DIVISION OF WELFARE AS ASSIGNEE OF LORETHA JARIDO, PLAINTIFF–APPELLANT, v. LEOTIS WALKER, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 27, 1988—Decided March 10, 1988.

Before Judges BRODY and LONG.

*H. Curtis Meanor*, Acting County Counsel, attorney for appellant (*Karen E. Moore*, Assistant County Counsel, on the letter brief).

Respondent's brief was suppressed.

The opinion of the court was delivered by

LONG, J.A.D.

Plaintiff Essex County Division of Welfare, as assignee of Loretha Jarido, appeals from an order of the trial judge directing defendant Leotis Walker to pay a total of $12.00 per week in support for Jarido's two illegitimate children, paternity of whom Walker has admitted. In addition to the insufficiency of the support order, plaintiff claims that the trial judge erred in failing to include Walker's admission of paternity in the final order. We reverse and remand.

■ This record was insufficient to sustain any support award. All that the trial judge had before him was Walker's assertions that his weekly salary is $230.00, that he is married and supporting his wife and five children, and that his bills "almost match his pay." No other evidence was adduced.

*N.J.S.A.* 9:17–53(e) provides that in determining the amount to be paid for child support, a court ...

shall consider all relevant facts, including the:

(1) Needs of the child;

(2) Standard of living and economic circumstances of each parent;

(3) Income and assets of each parent, including any public assistance grant received by a parent;

(4) Earning ability of each parent, including educational background, training, employment skills, work experience, custodial responsibility for children and the length of time and cost for each parent to obtain training or experience for appropriate employment;

(5) Need and capacity of the child for education, including higher education;

(6) Age and health of the child and each parent;

(7) Income, assets and earning ability of the child;

(8) Responsibility of the parents for the support of others;  and

(9) Debts and liabilities of each child and parent.

The factors set forth herein are not intended to be exhaustive. The court may consider such other factors as may be appropriate under the circumstances.

In ruling on such a paltry record, the trial judge did not follow the dictates of the statute and analyze the full financial picture of Walker and his wife and children including their age, health, needs, standard of living, other income and assets, earning ability, debts and liabilities, among other things. Moreover, the record is totally devoid of any evidence as to Jarido's situation and that of her children, other than that she was receiving AFDC benefits. In short, the record was insufficient to undergird any support award.

■ On remand, the full financial picture of these parties should be developed as basis for a support order. This will include the filing of sworn financial disclosure statements by each party in accordance with the mandates of *R.* 5:5–3. In arriving at an award, the judge will not be bound by the child support guidelines (Appendix IX, *Pressler, Current N.J. Court Rules,* (1987)) because those guidelines, by their very terms, do not account for the economic impact of the fact that a family may have more than six children. This is not to say that the judge is precluded from utilizing the guidelines, only that if he does so, a proper adjustment to account for the fact that Wilson

has *seven* children (five by his wife and two by Jarido) must be made. We note that in this regard the trial judge incorrectly addressed the guidelines. He calculated support for Wilson's five legitimate children by applying the guidelines to Wilson's $230.00 net pay with the result that each of those children received $26.00 per week in support. He then subtracted the weekly support figure of $130.00 from Wilson's $230.00 salary and then calculated Jarido's children's entitlement on the remaining $100.00. That gave the Jarido children $6.00 each per week in support as opposed to what the legitimate children had received. Such an approach contravenes the well established principle that illegitimate children are entitled to the same right to support from their father as if they were born in wedlock. *State v. Clark,* 58 *N.J.* 72, 84 (1971). All of Wilson's children, born in or out of wedlock, were required to be treated together when support was allocated. Primary responsibility for the support of illegitimate children belongs to the parents, not the public welfare system.

Reversed and remanded.