290 N.J. Super. 534 (1996)
676 A.2d 179
W.S. F/K/A W.R., PLAINTIFF-RESPONDENT/CROSS-APPELLANT,
v.
X.Y., DEFENDANT-APPELLANT/CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 7, 1996.
Decided May 30, 1996.
*537 Before Judges BAIME, KIMMELMAN and BILDER.
*538 Alfred A. Porro, Jr. argued the cause for appellant/cross-respondent (Porro and Porro, attorneys; Mr. Porro, on the brief).
Paul Lomberg, Roseland, for respondent/cross-appellant W.S. (Gary Newman, attorney; Mr. Lomberg, on the brief).
Judith M. Knopf, Guardian ad Litem, argued the cause for respondent/cross-appellant B.M. (Margulies, Wind, Herrington & Knopf, attorneys; Ms. Knopf, on the brief).
The opinion of the court was delivered by BAIME, J.A.D.
Plaintiff filed a complaint against defendant seeking a judgment of paternity and support for her child, B.M. The parties entered into a settlement agreement that was incorporated in a judgment acknowledging paternity and requiring defendant to pay $900 per month in child support. Approximately one year after entry of the judgment, plaintiff moved to increase defendant's support obligation. Following a protracted evidentiary hearing, the Family Part increased monthly support to $2,010 based upon changed circumstances consisting of a substantial increase in defendant's income. The judge additionally ordered defendant to pay the guardian ad litem's counsel fee of $13,934.20 and plaintiff's counsel fee of $15,315.50.
Defendant appeals, contending that the Family Part erred by increasing his support obligation and abused its discretion in its award of counsel fees. Plaintiff and the guardian ad litem cross-appeal, claiming that the Family Part should have created a trust for the benefit of the child to assure satisfaction of defendant's obligation and that the court erred by imputing $600 per month to plaintiff toward her shared shelter expenses. Plaintiff argues further that the judge should have ordered defendant to increase his life insurance obligation. We find no merit in any of these contentions and affirm the Family Part's judgment substantially *539 for the reasons expressed by Judge Bovino. R. 2:11-3(e)(1)(A) and (E).

I.
Initially, we address questions pertaining to the Family Part judge's modification of the child support provisions contained in the paternity judgment. We first consider defendant's argument that the judge lacked the authority to modify the terms of child support provided in the settlement agreement and incorporated in the judgment. Citing Nolan v. Lee Ho, 120 N.J. 465, 577 A.2d 143 (1990), defendant contends that the settlement agreement should have been "honored `absent a demonstration of "fraud or other compelling circumstances."'" Id. at 472, 577 A.2d 143 (quoting Pascarella v. Bruck, 190 N.J. Super. 118, 125, 462 A.2d 186 (App.Div.) (quoting Honeywell v. Bubb, 130 N.J. Super. 130, 325 A.2d 832 (App.Div. 1974)), certif. denied, 94 N.J. 600, 468 A.2d 233 (1983)). While we acknowledge the soundness of this principle as applied to settlement agreements in general, we hold that the duty of child support in both paternity and divorce cases is always subject to review and modification upon a showing of changed circumstances.
In the context of divorce, our Supreme Court has said that a child support order defines only the present obligations of the parents. Lepis v. Lepis, 83 N.J. 139, 146, 416 A.2d 45 (1980). The Court has held that consensual agreements and judicial decrees with respect to child support should be subject to modification under the same standard of "changed circumstances." Id. at 148, 416 A.2d 45. Moreover, "changed circumstances" are not limited in scope to events that were unforeseeable at the time the parties entered into the settlement agreement. Id. at 152, 416 A.2d 45. An increase in the child's needs  whether occasioned by maturation, the rising cost of living or more unusual events  may justify an increase in support by a financially able parent. Id. at 151, 416 A.2d 45.
*540 Our later decisions have recognized that children are entitled to share the benefits accruing to a successful parent. See Walton v. Visgil, 248 N.J. Super. 642, 591 A.2d 1018 (App.Div. 1991); Zazzo v. Zazzo, 245 N.J. Super. 124, 584 A.2d 281 (App.Div. 1990), certif. denied, 126 N.J. 321, 598 A.2d 881 (1991); Weitzman v. Weitzman, 228 N.J. Super. 346, 549 A.2d 888 (App.Div. 1988), certif. denied, 114 N.J. 505, 555 A.2d 623 (1989); Dunne v. Dunne, 209 N.J. Super. 559, 508 A.2d 273 (App.Div. 1986). We have said that "[c]hildren are entitled to have their `needs' accord with the current standard of living of both parents, which may reflect an increase in parental good fortune." Zazzo v. Zazzo, 245 N.J. Super. at 130, 584 A.2d 281; see also Walton v. Visgil, 248 N.J. Super. at 649, 591 A.2d 1018. Further, the fact that the custodial parent receives an incidental benefit from the shelter component of child support is not offensive to the law. Zazzo v. Zazzo, 245 N.J. Super. at 131, 584 A.2d 281. A custodial parent's needs may not be divorced entirely from those of the child, and, thus, the child of a very successful father should not suffer by reason of his mother's impecuniousness. Ibid.; see also Walton v. Visgil, 248 N.J. Super. at 650, 591 A.2d 1018.
We have found no reported New Jersey opinion applying these principles to child support in paternity cases. Nevertheless, we conclude that "changed circumstances" should be considered in determining whether child support provisions in a paternity judgment ought to be modified. In reaching this conclusion, we note that "[o]ver the years, legislative and judicial actions have shown an increasing design to reverse the ancient order under which [illegitimate] children were constantly reminded that they were non-persons and, so, properly the subject of discriminatory exclusions." State v. Clark, 58 N.J. 72, 84-85, 275 A.2d 137 (1971); see also Essex County Div. of Welfare v. Walker, 223 N.J. Super. 464, 467, 538 A.2d 1308 (App.Div. 1988). The important legislative and judicial policy is not to punish the parent of an illegitimate child but instead "to require those responsible for the child's existence, i.e., father as well as mother, to furnish support." State v. Clark, *541 58 N.J. at 84, 275 A.2d 137. We are concerned here, as we are in divorce cases, with fairness and equity to the child. While settlement agreements in paternity cases are certainly to be encouraged, contract principles have little relevance to the law's efforts to vindicate the child's right to proper and adequate support. Such agreements are enforceable only to the extent that they remain just and equitable in the context of changing conditions. Thus, we are satisfied that where there is a material change in the circumstances statutorily required to be considered in determining the amount of child support in paternity cases, see N.J.S.A. 9:17-53e, the Family Part is empowered to modify the terms of the judgment notwithstanding the private agreement between the father and mother.
We are also convinced that such changed circumstances were clearly established in this case. At the time the settlement agreement was negotiated, defendant was a highly paid professional athlete. Defendant anticipated retiring at the conclusion of the 1992 season but expected to continue drawing between $145,000 and $150,000 per year from a sports promotional company in which he was the chief executive officer. After the settlement agreement was executed and approved by the court, defendant reversed course and signed two one-year contracts with a professional team for the 1993 and 1994 seasons worth $2.25 million per year. He also received a signing bonus of $550,000. Defendant played the first contract year but then retired.
To be sure, the extent of defendant's liabilities was not altogether clear when the motion for modification was heard and decided. At oral argument, we were told that defendant's financial condition has become more murky with the passage of time and the development of unforeseen events. The critical fact remains, however, that defendant's earnings increased substantially almost immediately after the settlement agreement was concluded, and his children, including B.M., are entitled to share in his good fortune. Judge Bovino's factual findings on this question are supported by substantial, credible evidence in the record. Rova *542 Farms Resort v. Investors Ins. Co. of Am., 65 N.J. 474, 483-84, 323 A.2d 495 (1974).
That leads us to the arguments advanced in the cross-appeals concerning the adequacy of the child support ordered by the Family Part. We are satisfied that the amount of support ordered by the Family Part was fair and equitable in light of B.M.'s needs. Although plaintiff contends that the effect of the judge's order is to compel her to contribute $600 per month toward her shared shelter expenses and that she lacks the ability to satisfy that obligation, we discern nothing in the record to support her claim of financial incapacity. We pointed out earlier that a custodial parent may rightfully derive an incidental benefit from the shelter component of a child support order. This principle should not be transmogrified into a blanket rule permitting the custodial parent to abdicate his or her financial responsibilities to the child. We find no error in the amount of child support ordered by the court. See Lynn v. Lynn, 165 N.J. Super. 328, 341, 398 A.2d 141 (App.Div.), certif. denied, 81 N.J. 52, 404 A.2d 1152 (1979).
We reject the contention that the Family Part judge erred by refusing to order that a trust be created for the child's benefit. As we noted earlier, defendant is the chief executive officer of a sports promotional company. The company was formed in 1992. Each of defendant's other children shares in a trust consisting of the company's stock, with each girl having 200,000 shares and the boy having 400,000 shares. Both plaintiff and the guardian ad litem argue that B.M. is entitled to the same treatment as the other four children and that a comparable trust should have been ordered for his benefit. This point was raised only obliquely at the motion hearing and became submerged in the welter of other arguments and factual contentions advanced. The judge denied the requested relief because defendant enjoyed a long-term guaranteed contract with the company, and the performance of his support obligation to B.M. could be assured in a less intrusive fashion than compelling a radical reformulation of his financial *543 estate. We find no abuse of the Family Part judge's discretion. Although B.M. should not be subject to government-fostered "discriminatory exclusions," State v. Clark, 58 N.J. at 85, 275 A.2d 137, we are aware of no statute or decision that compels a parent to treat each of his or her children in an identical fashion.
We further reject plaintiff's argument that the Family Part judge erred by refusing to increase the amount of life insurance coverage required to be maintained by defendant for the benefit of B.M. Under the judge's order, defendant must maintain $100,000 of term life insurance naming the child as beneficiary. The judge viewed the current death benefit as sufficient to provide for B.M.'s support needs through emancipation in the event of defendant's untimely death. We perceive no abuse of the Family Part's discretion. See N.J.S.A. 9:17-53; Grotsky v. Grotsky, 58 N.J. 354, 277 A.2d 535 (1971).

II.
Finally, we find no sound basis to disturb the Family Part judge's award of counsel fees. The award was statutorily authorized, see N.J.S.A. 9:17-54, permitted under our rules of practice, see R. 5:14-3, and did not constitute an abuse of discretion.
Affirmed.