**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3639-17T2

M.R.,

     Plaintiff-Respondent,

v.

E.G., JR.,

     Defendant-Appellant.

_____

Submitted January 29, 2019 – Decided March 19, 2019

Before Judges Yannotti and Gilson.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FD-07-3602-14.

Community Health Law Project, attorneys for appellant (Rehana H. Rasool, on the briefs).

Kevin C. Orr, attorney for respondent.

PER CURIAM

     This appeal arises out of a dispute concerning child support. Defendant, the father, appeals from a Family Part order, dated March 6, 2018, which denied his motion to reduce his child support obligation and suspend enforcement of

that obligation. Defendant certified that he was disabled, unable to work, and he submitted certain medical records supporting that position. Plaintiff, the mother, disputed defendant's claims and argued that defendant could work and should be compelled to seek work. Given that there were material disputed factual issues concerning defendant's disability and ability to work, we reverse and remand for a plenary hearing.[1]

I.

We summarize the relevant facts from the record that was provided on this appeal. Defendant and plaintiff have one child together: a daughter born in January 2011. They share joint legal custody of their daughter and plaintiff is the parent of primary residential custody. On December 16, 2016, a Family Part judge entered an order establishing defendant's child support obligation at $106 per week. That obligation was based on defendant's then weekly income of $569.

In August 2017, defendant filed a motion to reduce his child support obligation and suspend enforcement of that obligation. In support of that motion, he certified that he was disabled and unable to work. He also certified that his doctor had advised him that he was permanently disabled. Defendant

---

[1] We use initials to protect the parties' privacy interests. See R. 1:38-3(d).

A-3639-17T2

also represented that he had applied for Social Security disability benefits, his application had been denied, he was appealing that denial, and his appeal was pending. Finally, defendant certified that his sole income at that time was $96.50 per month in general assistance benefits from County Social Services.[2]

Plaintiff opposed defendant's motion and cross-moved requesting an increase in child support because defendant was no longer exercising any overnight visits with the child. On October 12, 2017, the parties and counsel appeared for argument before a Family Part judge on defendant's motion and plaintiff's cross-motion. The court entered an order that (1) reduced defendant's child support obligation to $82 per week; (2) suspended enforcement of defendant's child support obligation for three months; (3) provided that defendant could seek a further extension of the suspension of enforcement; and (4) directed defendant to submit to the court his medical records to support his claim of disability. In calculating defendant's child support obligation, the Family Part judge imputed income to defendant of $470 per week. That imputed

---

[2] At the time defendant filed his application in August 2017, there was a scheduled child support enforcement hearing. That hearing took place on August 21, 2017, and an order was entered suspending for six months the enforcement of defendant's child support obligation.

A-3639-17T2

income was based on an average of defendant's prior weekly earnings and what he would make earning the minimum wage for a forty-hour work week.

In December 2017, defendant filed another motion to reduce his child support and to extend the suspension of the enforcement of his child support obligation. In support of that motion, defendant submitted a certification that he was disabled, unable to work, and had been advised by his doctor that he was permanently disabled. Defendant also certified that his only income was still $96.50 per month in general assistance from the County Social Services. Finally, defendant represented that his request for Social Security benefits was still pending appeal.

While defendant's motion was pending, in late January 2018, defendant submitted certain medical records to the court to support his claim that he was disabled and unable to work. Those medical records included a report from defendant's doctor who stated that defendant was not able to work and would not be able to work until at least August 2018. Records submitted at the October 12, 2017 hearing included a letter from a case manager with the Social Services

4

department. That letter "certified" that defendant was disabled and was receiving medical treatment for his illnesses.[3]

Plaintiff opposed defendant's second motion to reduce his child support and cross-moved to enforce defendant's child support obligation. She argued that defendant had not shown that he was unable to work. Plaintiff asserted that defendant should be ordered to seek employment, including providing proof of job searches, and if he failed to do so, she should be allowed to seek an ex parte bench warrant to have defendant arrested.

On March 6, 2018, the family court heard oral arguments concerning defendant's December 2017 motion and plaintiff's cross-motion. While the parties appeared and while they were placed under oath, neither party gave testimony. Instead, the court heard oral argument from counsel and did not conduct an evidentiary hearing. The court denied defendant's motion to reduce his child support and to suspend enforcement of his child support obligation.

---

[3] When the family court directed defendant to submit certain medical records in the order of October 12, 2017, defendant's counsel argued that some of those records were confidential and should not be submitted to the court for in camera review. On January 17, 2018, the court sent the parties' counsel a letter stating that defendant "may submit whatever medical documentation he deems relevant to [his] application." The court went on to explain that it "would then determine the adequacy of that supporting documentation." Thereafter, defendant submitted certain medical records, but those records were only submitted to the court and they apparently have not been provided to plaintiff or her counsel.

A-3639-17T2

The court explained its reasons for those rulings on the record. Specifically, the court found that defendant had not shown a change of circumstances. In that regard, the court reasoned that the medical records provided by defendant did not show a change of circumstances and the court found that defendant could work.

The court also reasoned that defendant was not entitled to a plenary hearing because the Social Security Administration had determined in March 2017 that defendant could work and, since that determination, defendant had not shown a sufficient deterioration in his medical condition to convince the court that he could not work. In making that ruling, the court noted that defendant had submitted medical records showing that his medical condition had worsened since March 2017, but the court reasoned that the records only showed a "mild worsening" and, thus, those records were not sufficient to establish that defendant could not work. Accordingly, the court entered an order on March 6, 2018, denying defendant's application to reduce his child support without prejudice and requiring defendant to provide proof of fifteen job searches per month.

A-3639-17T2

## II.

Defendant now appeals from the March 6, 2018 order. He argues that the family court erred in: (1) not finding that he had established a prima facie showing of a change in circumstances; and (2) not granting him a plenary hearing on whether his changed circumstances warranted a reduction or elimination of his child support obligation. Having reviewed the record, we agree that defendant was entitled to a plenary hearing.

Orders for child support "may be revised and altered by the court from time to time as circumstances may require." N.J.S.A. 2A:34-23. We review Family Part judges' decisions to modify child support under an abuse of discretion standard. J.B. v. W.B., 215 N.J. 305, 325-26 (2013). "An abuse of discretion 'arises when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

Child support orders are subject to modification on a showing of changed circumstances. Lepis v. Lepis, 83 N.J. 139, 146 (1980). The motion judge may revise child support when the party seeking modification satisfies the burden of making a prima facie showing of changed circumstances warranting relief or

alteration of the prior order. Id. at 157. "Only if such a showing is made does the court have the right to order full discovery regarding the financial circumstances of the other spouse." Isaacson v. Isaacson, 348 N.J. Super. 560, 579 (App. Div. 2002). "A plenary hearing is necessary to adjudicate the matter only if there are genuine issues of material fact." Ibid. (first citing Lepis, 83 N.J. at 159; then citing Dorfman v. Dorfman, 315 N.J. Super. 511, 515 (App. Div. 1998)).

Significant changes in the income or earning capacity of either parent may result in a finding of changed circumstances. W.S. v. X.Y., 290 N.J. Super. 534, 539-40 (App. Div. 1996). Accordingly, an illness or disability affecting a supporting parent's ability to work can constitute a change of circumstances. See Lepis, 83 N.J. at 151. "[T]he changed-circumstances determination must be made by comparing the parties' financial circumstances at the time the motion for relief is made with the circumstances which formed the basis for the last order fixing support obligations." Beck v. Beck, 239 N.J. Super. 183, 190 (App. Div. 1990).

Here, defendant's child support obligations were fixed in orders entered on December 16, 2015, and October 12, 2017. Significantly, however, in fixing the child support obligation at $82 per week in October 2017, the family court

did not conduct an evidentiary hearing to establish either that a changed circumstance had occurred or that changed circumstances warranted a reduction. Instead, when the court fixed child support at $82 per week, the court made no finding concerning defendant's ability to earn income.[4] The court did suspend, for three months, the enforcement of defendant's child support obligation. The court also directed defendant to submit medical documentation concerning his disability.

When defendant filed a second application in late December 2017, he supported that application with specific medical records. Those records included a report from a doctor and a letter from a Social Services case manager. Both documents stated that defendant was disabled and was unable to work at that time. Those documents provided a sufficient basis for defendant to carry his prima facie showing of a change in his ability to work. See Golian v. Golian, 344 N.J. Super. 337, 341 (App. Div. 2001) (requiring production of evidence to carry burden of proving disability).

Plaintiff disputed that defendant had experienced a change of circumstances. Plaintiff's opposition, however, only pointed out that there were

---

[4] We were not provided with the transcript of the hearing from October 12, 2017. Nevertheless, no party contends that there was an evidentiary hearing on October 12, 2017.

material and genuine fact disputes concerning whether defendant was disabled and whether he could work. Accordingly, defendant was entitled to a plenary hearing on that issue. See Segal v. Lynch, 211 N.J. 230, 264-65 (2012).

Defendant's entitlement to a plenary hearing is also supported because, at least at the time that the record was submitted to us, defendant still had a pending appeal of his denial of Social Security benefits. If defendant is found by the Social Security Administration to be disabled, such adjudication "constitutes a prima facie showing that [defendant] is disabled, and therefore unable to be gainfully employed, and the burden shifts to [plaintiff] to refute that presumption." Golian, 344 N.J. Super. at 342-43. In the meantime, the burden to prove disability remains with defendant. See id. at 341.

Here, the Family Part judge effectively rejected defendant's medical records and ruled that defendant could work. The judge, however, did not have the record that would allow for such a factual finding. Instead, the judge had a record that showed that there were genuine issues of material fact concerning defendant's disability and his ability to work. Indeed, defendant had certified that he was disabled, unable to work, and that his doctor had informed him that he was permanently disabled. At a minimum, the court needed to assess those issues at a plenary hearing to determine whether it accepted or rejected those

factual contentions.  See Lepis, 83 N.J. at 159; Tretola v. Tretola, 389 N.J. Super. 15, 20-21 (App. Div. 2006) (holding that when genuine issues of facts are raised in the parties' respective assertions, a plenary hearing must be conducted).

Reversed and remanded for a plenary hearing.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3639-17T2