**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2001-18T3

PAULA KARES,

     Plaintiff-Respondent,

v.

MICHAEL KARES,

     Defendant-Appellant.

_____

Submitted October 27, 2020 – Decided  November 12, 2020

Before Judges Haas and Natali.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-2539-16.

Karen Kirchoff Siminski, Esq., LLC, attorneys for appellant (Kenneth C. Marano, on the brief).

Respondent has not filed a brief.

PER CURIAM

     In this post-judgment matrimonial matter, defendant appeals from the

Family Part's October 23, 2018 order denying his motion for a modification of

his child support obligation and requiring him to continue to pay his proportional 79% share of his child's summer camp expenses. Defendant also challenges the court's December 18, 2018 order denying his motion for reconsideration. We affirm.

The parties were married in 2008 and divorced in 2012. They have one child.

Following a post-judgment hearing, the trial court issued an order on January 11, 2016 that imputed $200,000 in annual income to defendant and set his child support obligation at $615 per week. The court ordered plaintiff to give defendant forty-five days advance notice of their child's summer camp expenses and directed defendant to pay his 79% share of this bill within fifteen days of his receipt of it.

On July 5, 2018, defendant filed a motion which, among other things, sought to reduce his child support obligation and require defendant to choose a less expensive camp for the parties' child. In support of his motion to modify child support, defendant alleged that his business, EZ-Rectors, had fallen on hard times and was being administered by one of its creditors. He claimed that he earned $64,500 in 2017 and was earning much less in 2018.

On October 23, 2018, Judge Jane Gallina-Mecca denied defendant's motion to modify child support because he failed to submit a fully completed Case Information Statement (CIS) as required by Rule 5:5-4(a)(4). This Rule states:

> When a motion or cross-motion is filed for modification . . . of . . . child support . . . , the movant shall append copies of the movant's current [CIS] and the movant's [CIS] previously executed or filed in connection with the order, judgment or agreement sought to be modified.

As the judge explained in her thorough written decision, defendant failed to comply with Rule 5:5-4(a) because his CIS was woefully incomplete. Defendant was the sole shareholder of EZ-Rectors, a company he founded, but his CIS contained no information concerning the value of his shares. Although defendant claimed he was no longer earning $200,000 per year as imputed to him in the 2016 order, the only pay stubs he submitted demonstrated he was earning $4600 per week, which exceeded this annual figure. Defendant did not attach any personal income tax returns or corporate business records to his CIS, and failed to list any transportation, cellphone, or other Schedule B expenses.

Accordingly, Judge Gallina-Mecca found that defendant had not presented "a scintilla of evidence . . . for the [c]ourt to conclude that he is in worse financial circumstances than he was in 2016." Thus, she denied defendant's motion

3

because she did not have the financial information needed to determine whether defendant had established a change of circumstances warranting a modification of his child support obligation.

The judge also denied defendant's motion to require plaintiff to send the child to a different summer camp. Defendant had not paid his $14,772 share of this expense for 2016, 2017, or 2018. The child attended the same camp each year, and plaintiff always gave defendant the required forty-five day notice of the cost of this facility.

Defendant claimed he found two less expensive camps that the child could attend. However, one of these camps was in New York, and Judge Gallina-Mecca found that "the second alternative camp [was] roughly the same price as the camp selected by [p]laintiff." Thus, the judge ordered defendant to pay plaintiff the $14,772 he owed her.

Defendant thereafter filed a motion for reconsideration. He raised the same arguments that had been fully considered, and rejected, by Judge Gallina-Mecca. Although the December 18, 2018 order stated that the motion was filed one day late under Rule 4:49-2, the judge nevertheless considered the motion on the merits. In her comprehensive oral decision, the judge again found that

defendant's CIS was "woefully inadequate to support his assertion that he [was] making significantly less than $200,000 per year."

In this regard, defendant again failed to provide his tax returns and business records and, due to this "complete lack of transparency," the judge observed that "it is entirely possible and feasible that the defendant has, in fact, manipulated his finances in order to create a situation so as to persuade this court that he is suffering financial consequences which would warrant a change in circumstance[s]." Thus, the judge concluded that defendant "provided a[n] . . . incomplete picture of his business and income and provide[d] no information for this court to assess the economic and non-economic benefits he receives from his business."

Judge Gallina-Mecca also found no basis for reconsidering her denial of defendant's motion concerning the summer camp expenses. Defendant received the annual notices required by the 2016 order and raised no objection prior to plaintiff asking him to pay his proportional share of the cost. This appeal followed.

On appeal, defendant argues that the judge should have modified his child support obligation even though his CIS was incomplete and did not include tax returns or business records. He alleges the meager information he supplied was

sufficient and that the judge erred by noting that his submission "lacked transparency."  Defendant also asserts that the judge should have required plaintiff to send the parties' child to a less expensive summer camp.

Having considered these contentions in light of the record and the applicable law, we affirm substantially for the reasons expressed by Judge Gallina-Mecca in her thoughtful opinions denying defendant's requests.  We add the following comments.

Established precedents guide our task on appeal. We owe substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters.  Cesare v. Cesare, 154 N.J. 394, 411-12 (1998).  Thus, "[a] reviewing court should uphold the factual findings undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record."  MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007) (alteration in original) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)).  We will only reverse the judge's decision when it is necessary to "ensure that there is not a denial of justice because the family court's conclusions are [] clearly mistaken or wide of the mark."  Parish v. Parish, 412 N.J. Super. 39, 48 (App. Div. 2010) (alteration in original)

6

(internal quotations omitted) (quoting N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008)).

Further, we review the denial of a motion for reconsideration to determine whether the trial court abused its discretion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). "Reconsideration cannot be used to expand the record and reargue a motion." Capital Fin. Co. of Delaware Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008). A motion for reconsideration is meant to "seek review of an order based on the evidence before the court on the initial motion . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Ibid.

For these reasons, reconsideration should only be granted in "those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence. . . ." Cummings, 295 N.J. Super. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). Therefore, we have held that "the magnitude of the error cited must be a game-changer for reconsideration to be appropriate." Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010).

7

After applying these principles, we discern no basis for disturbing Judge Gallina-Mecca's reasoned determinations. Child support orders are subject to modification pursuant to N.J.S.A. 2A:34-23 upon a showing of changed circumstances. Lepis v. Lepis, 83 N.J. 139, 146 (1980). The motion judge may revise child support when the party seeking modification satisfies the burden of showing a change of circumstances warranting relief or alteration of the prior order. Id. at 157.

Significant changes in the income or earning capacity of either spouse may result in a finding of changed circumstances. W.S. v. X.Y., 290 N.J. Super. 534, 539-40 (App. Div. 1996). "[T]he changed-circumstances determination must be made by comparing the parties' financial circumstances at the time the motion for relief is made with the circumstances which formed the basis for the last order fixing support obligations." Beck v. Beck, 239 N.J. Super. 183, 190 (App. Div. 1990).

Thus, the "complete financial information of both parents [is] necessary for any order of child support." Zazzo v. Zazzo, 245 N.J. Super. 124, 129 (App. Div. 1990). The financial information submitted to the court must be current and updated prior to any modification order. Gulya v. Gulya, 251 N.J. Super. 250, 253-54 (App. Div. 1991).

A-2001-18T3

Accordingly, Rule 5:5-4(a)(4) specifically requires the moving party to provide the court with his or her complete "current [CIS] and the [CIS] previously executed or filed in connection with the order, judgment or agreement sought to be modified." "This mandate is not just window dressing. It is, on the contrary, a way for the trial judge to get a complete picture of the finances of the movants in a modification case." Gulya, 251 N.J. Super. at 253.

Here, defendant did not provide a complete CIS when he sought to modify his child support obligation. He provided no financial information concerning his company, neglected to supply his personal income tax forms or business records, did nothing to demonstrate the value of his company, and did not even list all of his expenses on the CIS. Due to this lack of transparency, the judge was properly concerned that defendant might be distorting his actual financial situation. Therefore, she correctly declined to modify his financial obligations to the parties' child.

Similarly, defendant presented no persuasive evidence that the two summer camps he belatedly proposed for the parties' child were valid cost-saving options. One of the camps was in New York, and the other was comparably priced to the facility the child had attended for three summers.

Therefore, there was substantial credible evidence in the record to support the judge's denial of defendant's motion concerning the camp.

In his motion for reconsideration, defendant raised the exact same contentions that were previously unsuccessful. Thus, Judge Gallina-Mecca did not abuse her discretion by denying the motion. Cummings, 295 N.J. Super. at 389.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION