**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2972-19

PAUL KUEHL,

    Plaintiff-Appellant,

v.

ELECTROCORE, INC., FRANCIS R. AMATO, JOSEPH P. ERRICO, PETER S. STAATS, GLENN S. VRANIAK, MICHAEL G. ATIEH, NICHOLAS COLUCCI, CARRIE S. COX, TREVOR J. MOODY, STEPHEN L. ONDRA, MICHAEL W. ROSS, DAVID M. RUBIN, JAMES L.L. TULLIS, THOMAS J. ERRICO, EVERCORE GROUP, LLC, CANTOR FITZGERALD & CO., JMP SECURITIES, BTIG, LLC, CORE VENTURES II, LLC, and CORE VENTURES IV, LLC,

    Defendants-Respondents.

_____

SHIRLEY STONE, individually and on behalf of all others similarly situated,

    Plaintiff-Appellant,

v.

ELECTROCORE, INC., FRANCIS R. AMATO, GLENN S. VRANIAK, JOSEPH P. ERRICO, NICHOLAS COLUCCI, THOMAS J. ERRICO, TREVOR J. MOODY, MICHAEL W. ROSS, DAVID M. RUBIN, JAMES L.L. TULLIS, MICHAEL G. ATIEH, CARRIE S. COX, STEPHEN L. ONDRA, EVERCORE GROUP, LLC, CANTOR FITZGERALD & CO., JMP SECURITIES, LLC, and BTIG, LLC,

 Defendants-Respondents.

_____

 Argued September 27, 2021 – Decided October 8, 2021

 Before Judges Rothstadt, Mayer, and Natali.

 On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket Nos. L-0876-19 and L-1007-19.

 Noam Mandel (Robbins Geller Rudman & Dowd, LLP) of the New York bar, admitted pro hac vice, argued the cause for appellants (Cohn Lifland Pearlman Herrmann & Knopf, LLP, Daniel A. Griffith and Kaan Eikiner (Whiteford, Taylor & Preston, LLC), Yury A. Kolesnikov (Bottini & Bottini, Inc.) of the California bar, admitted pro hac vice, attorneys; Peter S. Pearlman, Audra DePaolo, Matthew F. Gately, Daniel A. Griffith, Kaan Ekiner, Noam Mandel, and Yury A. Kolesnikov, on the briefs).

A-2972-19

Kenneth J. Pfaehler (Dentons US, LLP) of the District of Columbia and New York bars, admitted pro hac vice, argued the cause for respondents electroCore, Inc., Francis R. Amato, Joseph P. Errico, Peter S. Staats, Glen S. Vraniak, Michale G. Atieh, Nicholas Colucci, Carrie S. Cox, Trevor J. Moody, Stephen L. Ondra, Michael W. Ross, David M. Rubin, James L. L. Tullis, Thomas J. Errico, Core Ventures II, LLC, and Core Ventures IV (Dentons US, LLP, Kenneth J. Pfaehler and Drew Marrocco (Dentons US, LLP) of the District of Columbia and Virginia bars, admitted pro hac vice, attorneys; Kenneth J. Pfaehler, Jonathan S. Jemison, Jonathan D. Henry, and Drew Marrocco, on the briefs).

Zeichner Ellman & Krause LLP, Jeffrey D. Hoschander (Shearman & Sterling, LLP) of the New York bar, admitted pro hac vice, and Adam S. Hakki (Shearman & Sterling, LLP) of the New York bar, admitted pro hac vice, attorneys for respondents Evercore Group, LLC, Cantor Fitzgerald & Co., JMP Securities, LLC, and BTIG, LLC (Philip S. Rosen, Adam S. Hakki, and Jeffrey D. Hoschander, on the brief).

PER CURIAM

Plaintiffs Paul Kuehl and Shirley Stone appeal from a February 14, 2020 order dismissing their complaint with prejudice and denying as moot a motion for leave to amend their pleadings.[1]  We reverse and remand.

---

[1] The trial court consolidated plaintiffs' separate complaints into a single action.

We rely on plaintiffs' amended complaint for the facts. The facts of record are sparse as a result of the motion judge's non-compliance with the requirements of Rule 1:7-4(a).

Plaintiffs filed a consolidated putative class action against a manufacturer of a migraine headache treatment device. Plaintiffs also sued some of the manufacturers' officers, directors, underwriters, and venture capital associates. Plaintiffs allege the manufacturer's initial public offering documents contained materially false and misleading statements and material omissions.

Defendants moved to dismiss plaintiffs' amended complaint for failure to state causes of action under Rule 4:6-2(e) and failure to plead fraud with specificity under Rule 4:5-8(a). The motion judge granted dismissal of plaintiffs' pleadings with prejudice. However, the judge did not conduct argument on the dismissal motion and failed to issue an oral or written opinion articulating factual findings and legal conclusions.

On appeal, plaintiffs argue the motion judge erred in granting defendants' motion to dismiss their amended complaint with prejudice. Additionally, plaintiffs contend the judge erred in denying as moot their motion to amend the complaint. We agree with both arguments.

A-2972-19

First, there was no oral argument on defendants' dismissal motion. Defendants sought substantive, dispositive relief in seeking the dismissal of plaintiffs' pleadings with prejudice. In the motion, defendants requested oral argument if the motion was opposed. Because plaintiffs filed opposition, oral argument should have been granted.

A request for oral argument on a dispositive motion should be granted as of right. See Raspantini v. Arocho, 364 N.J. Super. 528, 531 (App. Div. 2003); R. 1:6-2(d). While a trial court may deny a request for oral argument on a substantive motion, "the reason for the denial of the request, in that circumstance, should itself be set forth on the record." Id. at 532.

Here, the motion judge did not conduct oral argument. Nor did she offer reasons for declining to allow oral argument.

In addition, the motion judge failed to set forth findings of fact and conclusions of law in support of the February 14, 2020 order. A motion judge is required to provide reasons in support of his or her decision, either on the record or in writing.

As we said nearly twenty-five years ago,

> Unfortunately, the judge made no findings of fact or legal conclusions as required by Rule 1:6-2(f). An articulation of reasons is essential to the fair resolution of a case. A trial judge has a duty to make findings of

5

> fact and conclusions of law "on every motion decided by written orders that are appealable as of right." <u>R.</u> 1:7-4. Failure to perform this duty "'constitutes a disservice to the litigants, the attorneys and the appellate court.'" <u>Curtis v. Finneran</u>, 83 N.J. 563, 569-70 (1980) (quoting <u>Kenwood Assocs. v. Bd. of Adjustment of Englewood</u>, 141 N.J. Super. 1, 4 (App. Div. 1976)); <u>see id.</u> at 570 ("Naked conclusions do not satisfy the purpose of <u>Rule</u> 1:7-4.").
>
> [<u>Italiano v. Rudkin</u>, 294 N.J. Super. 502, 505 (App. Div. 1996).]

"Moreover, the appellate court ordinarily cannot perform its review function in the absence of findings." <u>Filippone v. Lee</u>, 304 N.J. Super. 301, 306 (App. Div. 1997). We cannot review the decision of the trial court on a blank slate. <u>Estate of Doerfler v. Fed. Ins. Co.</u>, 454 N.J. Super. 298, 301-02 (App. Div. 2018).

For these reasons, we are constrained to vacate the February 14, 2020 order and remand to a new judge because the judge who issued the February 14, 2020 order retired. The remand judge will address anew the issues in defendants' motion to dismiss and plaintiffs' motion to amend the complaint. In addition, the remand judge should conduct oral argument on defendants' substantive dismissal motion. The remand judge is not bound by the prior judge's disposition of the motions. We express no opinion on the outcome of the motions upon remand.

Vacated and remanded. We do not retain jurisdiction.

6

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2972-19